NO. 07-07-0485-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 30, 2009
______________________________

EMMA L. CZARNECKI, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2006-498,812; HON. LARRY B. “RUSTY” LADD, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Emma L. Czarnecki (appellant) appeals her conviction for driving while intoxicated
(DWI). Through three issues, she contends that the trial court erred in 1) allowing the
State to include inadmissible police reports in its closing and to make impermissible closing
arguments and 2) failing to suppress evidence obtained from an illegal stop. We affirm.
 
 
Issues One and Two - State’s Closing Argument
          Appellant contends in her first two issues that the trial court erred by allowing the
State to display inadmissible police documents before the jury and to impermissibly
disclose the information contained in those documents during closing arguments. We
overrule the issues for no objection was asserted until the trial court released the jury to
deliberate its verdict. 
          Rule 33 of the Texas Rules of Appellate Procedure requires that all objections be
timely, Tex. R. App. P. 33.1(a)(1), and that has been construed to mean that the objection
must be made at the earliest opportunity available. Turner v. State, 805 S.W.2d 423, 431
(Tex. Crim. App. 1991). Withholding complaint until after the jury had heard the evidence
or argument and been released to deliberate its verdict does not satisfy the timeliness
requirement of Rule 33. Thus, the dispute underlying issues one and two was waived. 
See Cockrell v. State, 933 S.W.2d 73, 89 (Tex .Crim. App. 1996) (holding that any error
regarding the propriety of jury argument is waived by the failure to make a timely and
proper objection); Lange v. State, 57 S.W.3d 458, 467 (Tex. App.–Amarillo 2001, pet. ref’d)
(holding the same). 
Issue Three - Motion to Suppress
          Appellant next complains of the trial court’s decision to overrule her motion to
suppress. We overrule the issue.
          Simply put, appellant asserts that the State failed to prove that her weaving from
one lane to another posed a danger to anyone at 1:00 a.m. given that the streets were
empty of other cars. See Tex. Transp. Code Ann. §545.060(a) (Vernon 1999) (stating that
an operator on a roadway divided into two or more clearly marked lanes shall drive as
nearly as practical entirely within a single lane and may not move from the lane unless the
movement can be made safely). Thus, the officer purportedly lacked reasonable suspicion
or probable cause to effectuate the traffic stop. We need not address this argument for
the officer also testified that she witnessed appellant “traveling from one lane to another
without signaling . . . .” According to statute, someone operating a motor vehicle “shall use
the signal authorized by Section 545.106 to indicate an intention to . . . change lanes . . . .” 
Tex. Transp. Code Ann. §545.104(a). Because appellant did not signal her intent to
change lanes, a reasonable traffic officer viewing the circumstance then present had, at
the very least, reasonable suspicion to believe she committed a traffic violation. Thus, the
stop was lawful.
          Accordingly, we affirm the judgment of the trial court.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.